UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM M. MILLIREN, ) | |
|     PLAINTIFF ) | CIVIL ACTION NO.: |
| ) | 4:14-cv-337 |
| VS. ) | |
| ) | |
| CONSUMER ADJUSTMENT ) | |
| COMPANY, INC. d/b/a CACi ) | JURY TRIAL DEMAND |
|     DEFENDANT. ) | |

## COMPLAINT-CLASS ACTION

### INTRODUCTION

1. This is an action for damages and injunctive relief against the Defendant Consumer Adjustment Company, Inc d/b/a CACi (hereinafter "CACi") for violations of the Telephone Consumer Protection Act 42 U.S.C. §§ 227 *et seq.* ("TCPA").

2. Defendant CACi called Plaintiff and others on their cellular telephones using an "automatic telephone dialing system" and a prerecorded or artificial voice, in attempts to collect alleged debts owed to other entities. Such calls are impermissible pursuant to the TCPA.

### SUBJECT MATTER JURISDICTION

3. The Court has federal question subject matter jurisdiction under 28 U.S.C § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). *Mims v. Arrow Financial Servs., LLC*, 132 S.Ct. 740 (2012).

4. This Court has personal jurisdiction over Defendant because it does business in Missouri and many of the wrongful acts alleged in the Complaint were committed in Missouri.

5. Venue is proper here because a substantial portion of the events complained of occurred in this District.

6. The Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. prohibits the use of predictive dialers to call cellular telephones. There exists an affirmative defense of "prior express written consent," which is available only in circumstances where the called party provided his or her cellular telephone number with consent to receive autodialed calls to the caller or its privies in writing.

7. Defendant called plaintiff numerous times on her cellular telephone using predictive dialing equipment, even though plaintiff never provided her cellular number to defendant.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

9. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by plaintiff within this District and defendant transacts business within this District.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Kim Milliren is a natural person and a citizen of the State of Missouri who resides in this District. Plaintiff's cellular telephone number is (314) xxx-9229.

11. Defendant Consumer Adjustment Company, Inc. is a Missouri Corporation and debt collection agency located in St. Louis, Missouri. CACi is subject to the jurisdiction and venue of this Court.

**FACTS**

12. Defendant CACi called Plaintiff using a predictive dialer numerous times within four years of the filing of this complaint, including numerous calls between September 1, 2013 and December 31, 2013. Some or all of these calls were made in attempts to collect an alleged debt from someone other than Plaintiff.

13. Some of these calls were completely unattended. That is to say that even if Plaintiff had answered the phone, no representative of Defendant CACi would have been on the other end to communicate with Plaintiff.

14. The rapid-fire calls using the automated equipment were made with the purpose of annoying and harassing Plaintiff until he called back about the alleged debt.

15. Plaintiff did not consent to these calls.

16. Plaintiff and the class have been substantially damaged by Defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

**COUNT I - TCPA**
**(Violations of 47 U.S.C. § 227 *et seq.* on behalf of Plaintiff and the Class)**

17. Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the previous paragraphs.

18. Defendant placed non-emergency telephone calls to Plaintiff and the class members' cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice, in an effort to collect the alleged debts owed to American Express. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 *et seq.*

19. The conduct complained of herein was widespread and systematic, and the proofs will be so too; the same or similar dialing equipment was used to call Plaintiff and each class member.

20. As a result of Defendant's and/or their affiliates, agents and/or other persons or entities acting on Defendant's behalf's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of Defendant's and/or their affiliates, agents and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and Class Members are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or their agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## CLASS ALLEGATIONS

22. Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), consisting of:

> All persons who, within four years of filing this complaint, Nationwide Credit (or some person on its behalf) called on his or her cellular telephone using predictive dialing equipment and/or a prerecorded or artificial voice, to collect an alleged debt owed to American Express or its affiliates, where the phone number called was not obtained by defendant directly from the called party as to the alleged debt that was the subject of such calls.

23. Plaintiff is a member of this class.

24. Numerosity is satisfied.  There exists no purpose in using predictive dialing equipment like Defendant did, except in order to make a large number of calls in a short period of time.  Because of the large number of class members, joinder of all class members as

plaintiffs in a single proceeding is therefore impractical, and a class action is the most appropriate method of resolving the dispute.

25.     Plaintiff's claims are typical of the class members' claims. All class members were called using the same illegal equipment.

26.     Furthermore, the Plaintiff's claims are common to those of the class members, and the common issues predominate over any individual issues. The Federal Communications Commission requires creditors and debt collectors to keep track of who consented to receive calls such as those that are the subject of this lawsuit. Plaintiff has carefully defined the class to include only persons who did not consent to be called. The FCC's 2008 opinion states:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.
>
> To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.
>
> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications.
>
> Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, ¶10 (Jan. 4, 2008) (paragraph breaks supplied).

27.     There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

    a.    Whether defendant used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue; and

    b.    Damages, including whether the violations were negligent, willful or knowing.

28. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

30. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

31. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

32. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against both Defendant for:

      A.      Statutory damages of $500 per violation, and up to $1,500 per violation if willful or knowing;

      B.      An injunction against further violations;

      C.      A declaration that the equipment used is regulated by the TCPA, and that the calls to Plaintiff and the class violated the TCPA;

      D.      Costs of suit;

      E.      Reasonable attorney's fees as part of a common fund, if any; and

      F.      Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Kim Milliren
**Kim Milliren**

# HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone:    (636) 536-5175
Fax:    (636) 590-2882
Email:    bob@healeylawllc.com
Counsel for Plaintiffs